[Crim. No. 23922. Second Dist., Div. Four. Jan. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN THOMAS, Defendant and Appellant.

**COUNSEL**

Richard S. Buckley, Public Defender, Harold E. Shabo, Edward B. Olsen and Michael Rothschild, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant was charged with murder and, after a nonjury trial, was convicted of murder in the first degree. He was sentenced to state prison; he has appealed; we affirm.

█ Because of the sole issue raised on this appeal, only a brief statement of facts is appropriate or necessary.

Defendant was discovered attempting to break into a locked automobile; in the ensuing struggle he hit a security officer, inflicting injuries from which the officer died. The trial court found that the attempted break-in was for the purpose of theft, thus making the attempt one to commit burglary under the provisions of section 459 of the Penal Code. Applying the provisions of section 189 of the Penal Code,[1] the trial court

---

[1]Section 189: "All murder which is perpetrated by means of a destructive device or explosive, poison, lying in wait, torture, or by any other kind of willful, deliberate, and

found the killing to be murder in the first degree and sentenced defendant accordingly.

In the trial court, and here, defendant urges that in applying the felony-murder rule of section 189, burglary, as therein referred to, should be limited to those burglaries that are dangerous to life or limb and that burglary of an automobile is not inherently dangerous in that manner.

The identical contention was raised, and rejected, in *People* v. *Earl* (1973) 29 Cal.App.3d 894 [105 Cal.Rptr. 831] and the Supreme Court denied hearing in that case. We see no reason for this court to attempt to rewrite the law of first degree murder.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied January 31, 1975, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1975.

---

premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, mayhem, or any act punishable under Section 288, is murder of the first degree; and all other kinds of murders are of the second degree.

"As used in this section, 'destructive device' shall mean any destructive device as defined in Section 12301, and 'explosive' shall mean any explosive as defined in section 12000 of the Health and Safety Code."